THOMAS M. BROWN (SBN 117449)
tbrown@brownwhitelaw.com
KENNETH P. WHITE (SBN 173993)
kwhite@brownwhitelaw.com
BROWN WHITE & OSBORN LLP
333 South Hope Street, 40th Floor
Los Angeles, California 90071-1406
Telephone:  213.613.0500
Facsimile:   213.613.0550

Attorneys for Plaintiff
Timothy Ryan

## UNITED STATES DISTRICT COURT

## CENTRAL  DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TIMOTHY RYAN, M.D., an individual,<br><br>Plaintiff,<br><br>v.<br><br>BRANT PUTNAM, M.D., an individual, JANINE VINTCH, M.D., an individual, ANISH MAHAJAN, M.D., an individual, CHRISTIAN DE VIRGILIO, M.D., an individual, HAL F. YEE, M.D., an individual, ROGER LEWIS, M.D., an individual, MITCHELL KATZ, M.D., an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:  17-cv-05752-R-RAO<br><br>Hon. Manuel L. Real<br><br><br>**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN** |

Plaintiff Timothy Ryan, M.D. ("Plaintiff") and Defendants Brant Putnam M.D., Janine Vintch, M.D., Anish Mahajan, M.D., Christian De Virgilio, M.D., Hal F. Yee, M.D., Roger Lewis, M.D., and Mitchell Katz, M.D. (collectively, "Defendants") hereby submit their Joint Rule 26(f) Report ("Report").  The Report includes all information required by this Court's Order re: Notice to Counsel (Doc. 8).

## I.   <u>Fed. R. Civ. P. 26(f)(1) - Conference Timing</u>

Counsel for all parties met and conferred in person on November 30, 2017. Counsel attending the meeting were the following:

**Counsel for Plaintiff**

> Kenneth P. White
> kwhite@brownwhitelaw.com
> Brown White & Osborn LLP
> 333 S. Hope Street, 40th Floor
> Los Angeles CA 90071
> 213-613-0500

**Counsel for Defendants**

> John J. Manier
> jmanier@brgslaw.com
> Ballard Rosenberg Golper & Savitt, LLP
> 15760 Ventura Boulevard, 18th Floor
> Encino CA 91436
> 818-508-3700

## II.   <u>Fed. R. Civ. P. 26(f)(2) – Conference Content; Parties' Responsibilities</u>

Counsel discussed the nature and basis of the claims and defenses, as they had already in the course of meeting and conferring on Defendants' motion to dismiss. The issues are set forth plainly in the complaint and the pending motion.   Counsel discussed the possibility of early mediation.  While the parties are amendable to mediation, they believe that mediation will be more productive after several key depositions.  Counsel arranged for disclosures as required by Rule 26(a)(1) to be made two weeks after the date of filing of this Report, by email.  All parties discussed and agreed to preserve discoverable information.  Counsel discussed and developed a proposed discovery plan, as further detailed below.

## III.   <u>Fed. R. Civ. P. 26(f)(3) – Discovery Plan</u>

### A.   **Initial Disclosures Under Rule 26(a)(1)**

The parties agree that initial disclosures shall be made two weeks after the date of filing of this Report, by email.

///

///

**B.      Scope and Timing of Discovery**

The parties do not foresee the need for discovery to be conducted in phases. Discovery will be focused on what Plaintiff did during the course of his investigation described in his complaint, who he told, what the people who learned of the investigation did, the basis of the Professional Staff Association ("PSA") action against Plaintiff, and the course of the PSA's proceedings against Plaintiff. The parties estimate that fact discovery should be completed by the end of July 2018.

**C.      Discovery Issues and Preservation of Electronically Stored Information**

A substantial number of documents have been produced in discovery in a related case in the Superior Court of the County of Los Angeles ("State Case") pursuant to a protective order. The parties in this case may seek to have the protective order in the State Case amended so that materials disclosed there may be used in this case and repeat discovery is not necessary.

The parties anticipate a dispute over whether the state peer review privilege, Cal. Evid. Code § 1157, applies in federal court. Defendants contend that the state privilege applies, while Plaintiff contends it does not. Plaintiff may be forced to file a motion to compel to obtain information and documents which Defendants contend are protected by the state privilege, which will bring the issue to the Court's attention for resolution. The parties also anticipate that there may be a dispute over the number of depositions either party may take, and who may be deposed, in light of the fact that some witnesses have previously been deposed in the State Case. The parties will meet and confer thoroughly over all discovery disputes and present them to the Court in the best possible format.

Electronically stored information shall be produced in a mutually agreeable format. The parties will meet and confer to resolve any disputes regarding production format.

**D.     Handling Protection of Confidential Information**

The parties will maintain and distribute privilege logs as necessary and appropriate.  As soon as discovery begins the parties shall agree upon, and file, a proposed stipulated protective order.  The parties have also disclosed a potential issue concerning Defendants' assertion of the state peer review privilege, as previously discussed.

**E.     Limitations on Discovery**

The parties do not believe any changes should be made with regards to the disclosure requirements under Federal Rules of Civil Procedure 26(a) or in the limitations imposed on discovery under the Federal Rules of Civil Procedure.  On all procedural issues, the parties agree to meet and confer in good faith to resolve their differences.

**F.     Other Court Orders**

The parties are not aware of any other orders the Court should issue under Rule 26(c) or 16(b) or (c) as of this time.

**IV.     Local Rule 26-1 Compliance**

**A.     Complex Case**

The parties agree that this case is not complex and that the Manual for Complex Litigation does not apply to this action.

**B.     Motions**

Defendants intend to file a motion for summary judgment before the end of August 2018.  Defendants' motion to dismiss is fully briefed and currently pending.

**C.     Alternative Dispute Resolution**

The parties request settlement proceedings in accordance with ADR Procedure No. 3 for private dispute resolution, pursuant to Local Rule 16-15.4.  It is preferred that the parties first have the opportunity to conduct initial discovery, including taking several key depositions, before participating in any ADR procedure.

**D.     Trial Estimate**

The parties preliminarily estimate that the trial will last six (6) court days, though that estimate may change depending upon the outcome of discovery.

**E.     Additional Parties**

At this time, the parties do not anticipate that additional parties will be joined.

**F.     Expert Witnesses**

The parties will follow the Federal Rules of Civil Procedure, the local rules of this Court, and any scheduling orders issued by this Court, with respect to expert witnesses and expert discovery.  The parties propose that all expert disclosures should be made in accordance with the times and schedules set forth in Rule 26(a), based on the trial date set by the Court.  Under that Rule, the disclosure date for non-rebuttal experts is 90 days prior to the trial date; and for rebuttal experts, it is 30 days after expert disclosure.  Fed. R. Civ. Proc. 26(a)(2)(D)(i) and (ii).


DATED:  December 14, 2017          BROWN WHITE & OSBORN LLP


                                   By  _s/Thomas M. Brown_____
                                        THOMAS M. BROWN
                                        KENNETH P. WHITE
                                        Attorneys for Plaintiff
                                        TIMOTHY RYAN, M.D.


DATED:  December 14, 2017          BALLARD ROSENBERG GOLPER &
                                   SAVITT LLP


                                   By  ___John J. Manier    w/permission____
                                        LINDA MILLER SAVITT
                                        JOHN J. MANIER
                                        Attorneys for Defendants BRANT
                                        PUTNAM, M.D., JANINE VINTCH,
                                        M.D., ANISH MAHAJAN, M.D.,
                                        CHRISTIAN DE VIRGILIO, M.D., HAL
                                        F. YEE, M.D., ROGER LEWIS, M.D.,
                                        and MITCHELL KATZ, M.D.

5