1  LINDA MILLER SAVITT, SBN 94164
   lsavitt@brgslaw.com
2  JOHN J. MANIER, SBN 145701
   jmanier@brgslaw.com
3  LINDA B. HUREVITZ, SBN 127337
   lhurevitz@brgslaw.com
4  BALLARD ROSENBERG GOLPER & SAVITT, LLP
   15760 Ventura Boulevard, Eighteenth Floor
5  Encino, California 91436
   T: (818) 508-3700 | F: (818) 506-4827
6
7  Attorneys for Defendants BRANT PUTNAM,
   M.D., JANINE VINTCH, M.D., ANISH
   MAHAJAN, M.D., CHRISTIAN DE VIRGILIO,
8  M.D., HAL F. YEE, M.D., ROGER LEWIS, M.D.,
   and MITCHELL KATZ, M.D.
9

10                 **UNITED STATES DISTRICT COURT**

11          **CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

12

13  TIMOTHY D. RYAN, M.D., an          Case No. 2:17-cv-05752-CAS-RAO
    individual,
14                                     [*Magistrate Judge Rozella A. Oliver*]
                Plaintiff,
15                                     **DEFENDANTS' SUPPLEMENTAL**
        vs.                            **MEMORANDUM IN OPPOSITION**
16                                     **TO PLAINTIFF TIMOTHY RYAN,**
    BRANT PUTNAM, M.D., an             **M.D.'S MOTION TO QUASH**
17  individual, JANINE VINTCH, M.D., an **DEFENDANTS' SUBPOENA TO**
    individual, ANISH MAHAJAN, M.D.,   **UCLA HEALTH SYSTEMS**
18  an individual, CHRISTIAN DE
    VIRGILIO, M.D., an individual, HAL Date:        May 26, 2021
19  F. YEE, M.D., an individual, ROGER Time:        10:00 a.m.
    LEWIS, M.D., an individual, and
20  MITCHELL KATZ, M.D., an            Action Filed:  August 3, 2017
    individual,                        Trial Date:    March 29, 2022
21
                Defendants.
22

23

24

25

26

27

28

1547426.1

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

**I.      This Court Should Adopt Defendants' Proposed Resolution.**

Defendants have agreed to limit their subpoena for Dr. Jason Hove to all records regarding his treatment of Plaintiff Timothy Ryan, M.D. "for depression and related physical manifestations or disturbances only," going back from October 1, 2013 (the month he began his employment at Harbor-UCLA Medical Center) to the present. Plaintiff fails to demonstrate why this subpoena, as limited, should be quashed.

Counsel represents "Plaintiff *does not intend* to call Dr. Hove *as an expert witness* or rely on his medical records as evidence *in this matter*," and "*does not intend* to call an expert witness to testify regarding Plaintiff's emotional distress." (Esmali Decl. ¶ 8, italics added.) But this is insufficient to transform Plaintiff's claim for emotional distress damages into the mere "garden variety" which arguably would justify quashing a medical records subpoena.

As Plaintiff concedes, he has designated a psychiatrist, Dr. Lester Zackler, to testify as an expert on his emotional distress damages in his pending state court employment lawsuit (*Ryan v. County of Los Angeles*, L.A. Super. Ct. No. BC606535, trial date Jan. 12, 2022). *Plaintiff thus affirmatively waived the psychotherapist-patient privilege in the state court case*, even as he seeks to use it as a shield in the instant matter. And he has not foreclosed using Dr. Zackler's testimony in the instant lawsuit, which is scheduled for trial 2½ months after the state court trial date.

Nor has Plaintiff stipulated he will not call Dr. Hove *as a percipient fact witness* in this matter. Moreover, Plaintiff admittedly testified in deposition that Dr. Hove regularly refills Plaintiff's depression medication originally prescribed by Dr. Zackler. (Esmali Decl., Ex. E 274:1-275:15.) That means Plaintiff has received some manner of treatment from Dr. Hove for depression.

These undisputed facts distinguish the cases on which Plaintiff relies where medical records subpoenas were quashed. None of those cases involved plaintiffs

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

1    who designated psychiatrists as experts in parallel state court litigation, or

2    physicians who provided follow-up treatment for depression. *Fitzgerald v. Cassil*,

3    216 F.R.D. 632, 639-40 (N.D. Cal. 2003) (court found psychological records were

4    relevant to emotional distress claims in Fair Housing Act lawsuit, but found no

5    waiver of privilege, noting Plaintiffs stipulated not to "affirmatively rely on any

6    treating psychotherapist or other expert to prove the emotional distress damages");

7    *see EEOC v. Peters' Bakery*, 301 F.R.D. 482, 486 (N.D. Cal. 2014) ("Plaintiff has

8    made clear that no psychotherapist-patient communications will be affirmatively

9    relied upon to prove damages, nor will any expert testimony be submitted in support

10   of the claim."); *Stallworth v. Brollini*, 288 F.R.D. 439, 443 (N.D. Cal. 2012)

11   (plaintiff did not affirmatively rely on privileged communications, and agreed not to

12   seek special damages or offer medical expert testimony on emotional distress

13   damages); *M.S. v. City of Fontana*, No. ED CV 16-2498-JGB (SPx), 2018 U.S. Dist.

14   Lexis 225637, at *4, 2018 WL 6075323 (C.D. Cal. July 12, 2018) (wrongful death

15   plaintiffs affirmatively agreed to drop claim associated with counseling treatment

16   and not to rely on medical records); *EEOC v. Lexus Serramonte*, 237 F.R.D. 220,

17   224 (N.D. Cal. 2006) (claimant no longer had emotional distress symptoms, and

18   EEOC agreed not to use her treating physician's testimony or records); *Schwenk v.*

19   *County of Alameda*, No. C-07-00849 SBA (EDL), 2011 U.S. Dist. Lexis 18836, at

20   *2, 2011 WL 607101 (N.D. Cal. Feb. 11, 2011) ("Plaintiffs will not be relying on

21   experts or treating doctors for the emotional distress damages in this case").

22          It is particularly inapt for Plaintiff to rely on *Manessis v. New York City Dep't*

23   *of Transp.*, No. 02 Civ. 359 (SAS)(DF), 2002 U.S. Dist. Lexis 17884, 2002 WL

24   31115032 (S.D.N.Y. Sept. 24, 2002). Plaintiff selectively quotes the passage stating

25   that an emotional distress claim does not "give Defendants an unfettered right to

26   pursue discovery into [Plaintiff's] entire medical history," but omits the preceding

27   discussion: "Here, Manessis has placed his mental condition into issue, by claiming

28   emotional distress damages. Because of this, Manessis may not maintain a claim of

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

1    privacy in any mental health records, and Defendants are entitled to obtain and

2    review such records." *Id.*, 2002 U.S. Dist. Lexis 17884, at *5-*6 (adding that any

3    records of potential drug or alcohol abuse were also relevant and discoverable).

4         The foregoing establishes that Defendants are entitled to enforcement of their

5    limited subpoena *even if* this Court were to adopt "the narrow approach to waiver"

6    of privilege advocated by Plaintiff. (*See* Joint Stip. at 10-11.) Moreover, in *Fritsch v.*

7    *City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999), the court concluded "the

8    Supreme Court would adopt the broad view of waiver," and that "a plaintiff who

9    seeks to recover for emotional distress damages is relying on her emotional

10   condition as an element of her claim." *Id*. at 568 & fn. 4 (further noting the

11   California Supreme Court holding that a patient waives the privilege by seeking

12   severe emotional distress damages, citing *In re Lifschutz*, 2 Cal. 3d 415, 432-37

13   (1970)). Notably, the court also held "the scope of discovery into this sensitive area

14   should be limited and confined to that information that is essential to a fair trial."

15   *Fritsch*, 196 F.R.D at 570. This is consistent with Defendants' proposed resolution.

16   **II.     Conclusion.**

17        The Court should adopt Defendants' proposed resolution, and otherwise deny

18   Plaintiff's Motion to Quash.

19   DATED:  May 12, 2021                   BALLARD ROSENBERG
20                                              GOLPER & SAVITT, LLP

21                                          By: _____
22                                              Linda Miller Savitt
23                                              John J. Manier
                                                Linda B. Hurevitz
24                                          Attorneys for Defendants BRANT PUTNAM,
25                                          M.D., JANINE VINTCH, M.D., ANISH
                                            MAHAJAN, M.D., CHRISTIAN DE
26                                          VIRGILIO, M.D., HAL F. YEE, M.D., ROGER
27                                          LEWIS, M.D., and MITCHELL KATZ, M.D.

28

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 15760 Ventura Boulevard, Encino, CA 91436.

On May 12, 2021, I served true copies of the following document(s) described as **DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF TIMOTHY RYAN, M.D.'S MOTION TO QUASH DEFENDANTS' SUBPOENA TO UCLA HEALTH SYSTEMS** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

☐ **BY PERSONAL SERVICE:**  I personally delivered the document(s) to the person at the addresses listed in the Service List.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☒ **BY USING THE CASE MANAGEMENT/ELECTRONIC CASE FILE, WEB-BASED, E-SERVICE AND E-FILING SYSTEM:**  I caused to be served the foregoing document(s) on all interested parties listed on the **CM/ECF** e-service list for the case of  *Ryan v. Putnam*, Case No. 2:17-cv-05752-CAS (RAOx).

☐ **BY ELECTRONIC MAIL TRANSMISSION:**  By electronic mail transmission by transmitting a PDF format a copy of the document(s) listed above to each such person at the e-mail address(es) listed below.  The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

☐ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List.  I am "readily familiar" with Ballard Rosenberg Golper & Savitt, LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Encino, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 12, 2021, at  Encino, California.

_____/s/ *Narine Munn*_____

1

**SERVICE LIST**

2

3   Thomas Michael Brown
    Kenneth P. White

4   Atoosa Esmaili
    Brown White and Osborn LLP

5   333 South Hope Street 40th Floor
    Los Angeles, CA 90071-1406

6   Phone: 213-613-0500

7   Fax:    213-613-0550
    Email: tbrown@brownwhitelaw.com

8          kwhite@brownwhitelaw.com

9          aesmaili@brownwhitelaw.com
           lsifuentes@brownwhitelaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

1547426.1

Defendants' Supplemental Memo. in Opposition to Plaintiff's Motion to Quash Subpoena to UCLA Health Systems