UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Timothy Ryan v. Brant Putnam et al | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Jan Davis | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Kenneth White

Attorneys Present for Defendants:

Linda Savitt
John Manier

**Proceedings:**    MOTION OF DEFENDANTS BRANT PUTNAM, M.D.,
JANINE VINTCH, M.D., CHRISTIAN DE VIRGILIO, M.D.,
AND ROGER LEWIS, M.D., PH. D. FOR SUMMARY
JUDGMENT OR PARTIAL SUMMARY JUDGMENT
BASED ON RES JUDICATA (Dkt. 151, filed on November 7,
2025)

## I.    INTRODUCTION

On August 3, 2017, plaintiff Timothy Ryan, M.D. ("Ryan"), formerly a vascular surgeon at Harbor-UCLA Medical Center ("Harbor-UCLA"), filed this action against defendants Brant Putnam, M.D., Janine Vintch, M.D., Anish Mahajan, M.D., Christian de Virgilio, M.D., Hal F. Yee, M.D, and Does 1-50.  Dkt. 1 ("Compl.").  On October 6, 2017, Ryan filed the operative first amended complaint ("FAC"), which adds Roger Lewis, M.D., and Mitchell Katz, M.D., as defendants.  Dkt. 14 (FAC).  Ryan's FAC alleges that defendants violated his First Amendment rights by disciplining him for reporting physician misconduct at Harbor-UCLA to federal, state, and local government agencies.  Id.  Ryan's FAC alleges a single claim for relief, against all defendants: retaliation based on exercise of right to free speech, in violation of 42 U.S.C. § 1983.  Id.  The FAC seeks punitive damages against defendants Putnam, Yee, Lewis, Katz, and de Virgilio.  Id.

On October 27, 2017, defendants moved to dismiss plaintiff's FAC.  Dkt. 15.  On February 15, 2018, the Hon. Manuel L. Real, now deceased, granted defendants' motion to dismiss, finding that defendants were entitled to qualified immunity.  Dkt. 22 ("MTD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Timothy Ryan v. Brant Putnam et al | | |

Order"). On February 23, 2018, Ryan provided notice of his appeal of the MTD Order to the United States Court of Appeals for the Ninth Circuit. Dkt. 23. On September 18, 2019, the Ninth Circuit reversed and remanded the MTD Order, finding that "qualified immunity [was] not warranted at [that] stage." Dkt. 26. Specifically, the Ninth Circuit stated that "[a]n adverse employment action is [an] action 'reasonably likely to deter [the plaintiff] from engaging in protected activity under the First Amendment'" (quoting Coszalter v. City of Salem, 320 F.3d 968, 976 (9th Cir. 2003)), and found that "[s]ince 2002, [the Ninth Circuit has] recognized that an employer's decision to initiate disciplinary proceedings against a doctor that threaten to revoke staff privileges, when combined with a negative effect on employment prospects, is enough to satisfy the 'adverse employment action' requirement." Dkt. 26 at 2-3 (citing Ulrich v. City & Cty. of San Francisco, 308 F.3d 968, 977 (9th Cir. 2002)). In light of that background, the Ninth Circuit found Ryan's allegations "sufficiently similar to Ulrich to satisfy the clearly established prong of the qualified immunity analysis at [that] early stage." Dkt. 26 at 3.

On October 15, 2019, the case was randomly reassigned to this Court. Dkt. 28. On April 17, 2020, defendants submitted their answer to the FAC. Dkt. 36.

On October 29, 2021, defendants Putnam and Vintch filed a motion for summary judgment or, alternatively, partial summary judgment. Dkt. 61. On January 10, 2022, the Court denied the motion of defendants Putman and Vintch for summary judgment or partial summary judgment. Dkt. 70. On February 4, 2022, Putnam and Vintch appealed to the Ninth Circuit Court of Appeals. Dkt. 72.

On February 14, 2022, defendants Yee, Mahajan, Katz, de Virgilio, and Lewis filed a motion for summary judgment. Dkt 75. On March 21, 2022, the Court granted summary judgment to defendants Katz, Yee, and Mahajan, and denied summary judgment to de Virgilio and Lewis. Dkt. 83. On April 15, 2022, defendants de Virgilio and Lewis appealed to the Ninth Circuit. Dkt. 84. On the same day, Ryan also appealed. Dkt. 85. On August 10, 2022, the Ninth Circuit granted Ryan's voluntary dismissal of his appeal and consolidated de Virgilio and Lewis's appeal with Putnam and Vintch's appeal. Dkt. 89.

On June 6, 2023, the Ninth Circuit affirmed the Court's denial of summary judgment as to defendants Putnam, Vintch, de Virgilio, and Lewis. Dkt. 92. Accordingly, the remaining defendants are Putnam, Vintch, de Virgilio, and Lewis (collectively "defendants").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Timothy Ryan v. Brant Putnam et al | | |

On February 24, 2025, Ryan and defendants each filed motions in limine in anticipation of trial which at that time was scheduled to commence on April 22, 2025. Dkts. 132-135. On February 28, 2025, Ryan and defendants filed a joint *ex parte* application to stay the case pending submission of briefing regarding the preclusive effect of a California Court of Appeal ("Court of Appeal") decision and/or any ultimate final judgment in the state court action maintained by Ryan alleging retaliation under California law by the County of Los Angeles (the "County"), Ryan's employer at Harbor-UCLA. Dkt. 136. On March 5, 2025, the Court granted the parties' joint application for a stay. Dkt. 137. On March 6, 2025, the Court ordered a briefing schedule. Dkt. 139.

On March 17, 2025, defendants filed their brief on the preclusive effect of the Court of Appeal's decision. Dkt. 140. On April 4, 2025, Ryan filed his response. Dkt. 143. On April 14, 2025, defendants filed their reply. Dkt. 144. On May 5, 2025, the Court granted a stay of the case until at least October 6, 2025, and set a further status conference on that date. Dkt. 146.

On October 6, 2025, the Court held a status conference and directed the parties to stipulate to a briefing schedule as to defendants' proposed motion for summary judgment based on res judicata. Dkt. 149.

On November 7, 2025, defendants filed the instant motion for summary judgment based on res judicata, dkt. 151-1 ("Mot."), and a proposed statement of undisputed facts and conclusions of law, dkt. 151-2 ("DSUF"). On January 5, 2026, Ryan filed an opposition, dkt. 155 ("Opp."), a separate statement in opposition to defendants' SUF, dkt. 154-1 ("Opp. SSUF"), and a supporting declaration, dkt. 154-2 ("Ryan Decl."). On January 30, 2026, defendants filed a reply, dkt. 156 ("Reply").

On February 23, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

The factual background of this federal action is well known to the parties and comprehensively set forth in the Court's March 21, 2022 order on summary judgment. Dkt. 83 ("Summary Judgment Order"). In this federal action, Ryan asserts a single claim for relief, against all defendants: retaliation based on exercise of right to free speech, in violation of 42 U.S.C. § 1983. FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Timothy Ryan v. Brant Putnam et al | | |

The following background as to the state court action is based entirely on the initial complaint in the state court action, dkt. 151-5 at 1-12 ("State Compl."), the operative first amended complaint in the state court action, dkt. 151-5 at 13-24 ("State FAC"),[1] and the Court of Appeal's February 28, 2025 decision, dkt. 143, Attachment 1 ("Court of Appeal Decision").[2]

### A.    State Court Claims

On January 8, 2016, Ryan filed his initial complaint in Los Angeles Superior Court against the County, Harbor-UCLA, and Does 1 through 25. See State Compl. Ryan alleged that in January 2014, while he was employed as a vascular surgeon at Harbor-UCLA, he was asked to participate in what he believed was an unnecessary surgical procedure being performed so that Dr. White could receive a financial kickback from a medical device manufacturer. Id. ¶ 9. Ryan refused to participate in the procedure. Id. Ryan believed that Dr. White coerced the patient to agree to an unnecessary stent graft procedure. Id. ¶ 9(c). During the procedure, the patient had a complication resulting in complete expressive aphasia. Id. ¶ 9(h). Ryan believed that Dr. White and his subordinates conspired to commit and did commit fraud by providing unnecessary medical services and falsifying medical records. Id. ¶ 9(i). Ryan believed that the described conduct was part of a larger scheme to promote certain medical devices and promote courses for certain medical device manufacturers, often at the expense of patient safety. Id. ¶ at 9(j). Ryan alleged that he "reported and raised issues of institutional concern, including the above procedure . . . as well as more general concerns that Dr. White and others at Harbor-UCLA were compromising patient care in order to

---

[1] All subsequent citations to the State Compl. and State FAC will reference the page number as printed on the complaint and amended complaint. For example, dkt. 151-5 at 13, or Manier Decl., Ex. AA at 1108, corresponds to State FAC at 1.

[2] The Court of Appeal Decision was partially published as Ryan v. Cnty. of Los Angeles, 109 Cal. App. 5th 337, 330 Cal. Rptr. 3d 382 (2025), reh'g denied (Mar. 25, 2025), review denied (May 28, 2025). The unpublished portion, parts II through IV, can be found at Ryan v. Cnty. of Los Angeles, 2025 WL 653610. The Court cites to the page numbers of the printed decision, including both published and unpublished parts, as found in dkt. 143, Attachment 1. See Cal. R. Ct. 8.115(b)(1) (An unpublished opinion of a California Court of Appeal may be cited or relied on when the opinion is relevant under the doctrines of law of the case, res judicata, or collateral estoppel.).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
|----------|------------------------|------|-------------------|
| Title | Timothy Ryan v. Brant Putnam et al | | |

perform courses for third party medical device manufacturers, and utilizing specific medical devices which Dr. White and other[s] had a pecuniary interest in." Id. ¶ 10. Ryan filed a complaint with the California Medical Board, brought his concerns to senior faculty at Harbor-UCLA, and reported his concerns to the Head Deputy of Healthcare Fraud for the Los Angeles County District Attorney's Office (the "DA"). Id.

Ryan further alleged that he learned of additional instances of misconduct by Dr. White around April through June of 2014. Id. ¶ 11. He reported these concerns to two senior faculty members at Harbor-UCLA and an National Instituted of Health (NIH) compliance officer. Id.

Ryan alleged that beginning around June 2014, and continuing until the filing of his complaint, "Dr. White, in conjunction with others, then took actions to punish and marginalize Dr. Ryan and create an intolerable work environment for Dr. Ryan." Id. ¶ 12, 13. Ryan alleged that the County, Harbor-UCLA, and unnamed defendants engaged in retaliatory conduct against him for his identification, reports, and disclosures of the patient-threatening conditions and what he believed to be unlawful conduct at Harbor-UCLA. Id. ¶¶ 21, 30.

Ryan initially asserted two claims for relief: (1) retaliation by a health facility against an employee or medical staff, in violation of California Health and Safety Code (the "Health and Safety Code") § 1278.5; and (2) retaliation by an employer against an employee for whistleblowing, in violation of California Labor Code (the "Labor Code") § 1102.5. Id. ¶¶ 16-39.

On March 4, 2019, Ryan filed a first amended complaint in the Superior Court, which (1) amended Ryan's Labor Code § 1102.5 claim, adding new allegations that the County retaliated against him by causing his clinical privileges to be revoked and terminating his employment and (2) added another retaliation claim pursuant to the California False Claims Act, California Government Code § 12653 et seq. (the "CFCA"). See State FAC ¶¶ 12(f), 12(g), 26-39; Court of Appeal Decision at 13.

**B.    State Court Adjudications**

In his state court action, Ryan asserted three retaliation-based claims pursuant to three different California statutory provisions. Those three claims have been adjudicated as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
|----------|------------------------|------|-------------------|
| Title | Timothy Ryan v. Brant Putnam et al | | |

1.    <u>Labor Code Claim: Jury Finds for the County</u>

In June 2021, the trial court granted the County's motion for summary adjudication as to the issue of whether Ryan was unlawfully terminated, as relevant to Ryan's retaliation claims.  The trial court found that Ryan was terminated not because of his investigation into or reports of alleged misconduct at the hospital, but because of his refusal to sign a standard release form that was required of all applicants for clinical privileges.  Court of Appeal Decision at 14.

Ryan proceeded to trial in his state case on his claims for violations of Labor Code § 1102.5 and the CFCA.  Court of Appeal Decision at 16.  The jury returned a verdict for the County on Ryan's Labor Code § 1102.5 claim, finding:

1.  Ryan disclosed what he believed was illegal conduct;

2.  Ryan had reasonable cause to believe that the information disclosed violated a statute or regulation;

3.  The County took adverse action against Ryan; but

4.  Ryan's disclosure was not a contributing factor in the County's adverse action against him.

Court of Appeal Decision at 16.  Ryan did not appeal this verdict.  <u>See generally id.</u>

After the trial, Ryan appealed the trial court's summary adjudication of his alleged retaliatory termination, and the Court of Appeal affirmed the decision in favor of the County.  <u>Id.</u> at 49.  The Court of Appeal held that the County "satisfied its burden to make a showing by clear and convincing evidence that Ryan would have been terminated even if he had not engaged in protected activities," and rejected Ryan's arguments regarding the alleged illegality of the releases he was required and refused to sign.  <u>Id.</u> 50-61.

On May 5, 2025, the Supreme Court of California declined Ryan's petition for review of the Court of Appeal's decision as to the summary adjudication of his termination.  Dkt. 147 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                      **'O'**

| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Timothy Ryan v. Brant Putnam et al | | |

2.    <u>CFCA Claim: Court of Appeal Grants Judgment Notwithstanding the Verdict</u>

The jury returned a verdict for Ryan on his CFCA claim, finding:

1.  Ryan reported what he believed was the creation of a false medical record in order to submit a false claim to Medi-Cal;

2.  Ryan acted to stop a false claim;

3.  The County took adverse action against Ryan;

4.  Ryan's acts to stop a false claim were a substantial motivating reason for the County's decision to take adverse action against Ryan, and the County's conduct was a substantial factor in causing harm to Ryan.

<u>Id.</u> at 16.  The jury awarded $0 in past and future earnings, $2 million for past mental suffering and emotional distress, and $100,000 for future mental suffering and emotional distress.  <u>Id.</u> at 16-17.

The County then filed a motion for judgment notwithstanding the verdict, including on the basis that the County does not qualify as a "person" within the meaning of the CFCA.  Court of Appeal Decision at 17.  The trial court denied the County's motion and awarded Ryan over $3.2 million in attorneys' fees and costs.  <u>Id.</u>  The County cross-appealed the trial court judgment on Ryan's CFCA claim.  <u>Id.</u>

On February 28, 2025, the Court of Appeal held that the County was entitled to judgment notwithstanding the verdict on Ryan's CFCA claim because Government Code § 12653 does not apply to public entities.  <u>Id.</u> at 21.  On May 5, 2025, the Supreme Court of California declined Ryan's petition for review of the Court of Appeal's decision.  Dkt. 147 at 2.

3.    <u>Health and Safety Code Claim: Returned to Superior Court</u>

Prior to trial, the trial court had sustained the County's demurrer to Ryan's Health and Safety Code § 1278.5 claim.  Court of Appeal Decision at 6.  After trial, Ryan appealed the trial court's decision to sustain the County's demurrer.  <u>Id</u> at 37.  The Court of Appeal held that the trial court erred in sustaining the demurrer to Ryan's Health and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Timothy Ryan v. Brant Putnam et al | | |

Safety Code § 1278.5 claim because the statute applies to public entities as a matter of law. Id. at 37. The Court of Appeal rejected the County's argument that the trial court's error was harmless in light of the jury's verdict against Ryan on the Labor Code claim and consequently returned the Health and Safety Code § 1278.5 claim to the trial court for further proceedings. Id. at 65-67 ("[T]he County has not persuasively demonstrated to this court why a jury could not return a verdict for Ryan on the Health and Safety Code section 1278.5 claim for the same reason it returned a verdict for him on the CFCA claim.").

In sum, two of Ryan's three retaliation-based claims have been finally adjudicated in favor of the County, while the remaining claim is pending before the Superior Court. On December 16, 2025, Ryan filed a motion for leave to amend his complaint in the state court action, with a hearing set for May 13, 2026. Ryan v. Cnty. of Los Angeles, No. BC606535 (Cal. Super. Ct. Dec. 16, 2025).

## III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out "specific facts showing a genuine issue for trial" in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**             **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
| Title | Timothy Ryan v. Brant Putnam et al | | |

of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV.   DISCUSSION

Defendants argue that they are entitled to summary judgment in this § 1983 action based on issue preclusion. Mot. at 6. Alternatively, or in addition to partial summary judgment, defendants argue that the Court should exercise its discretion to stay the case because defendants will be entitled to summary judgment based on claim preclusion if they prevail in the state court action. Id. at 29.

For the reasons discussed herein, the Court finds that the jury's inconsistent findings as to Ryan's Labor Code and CFCA claims, which encompass retaliatory claims similar to those advanced in this § 1983 case, do not give rise to a clear factual finding that can form the basis for issue preclusion. On the other hand, the state court adjudication of Ryan's termination as non-retaliatory does result in issue preclusion. Nonetheless, Ryan's § 1983 claim alleges adverse employment actions, namely the initiation of the peer-review process and the imposition of the Behavioral Agreement, that are separate from and independent of his ultimate termination. See dkt. 92 at 3-4 ("Thus, the initiation of the Focused Professional Performance Evaluation ('FPPE') of Ryan was an adverse employment action under clearly established law. The decision to impose a behavioral contract and revoke clinical privileges in the alternative was also an adverse employment action under clearly established law."). Accordingly, defendants are not entitled to summary judgment based on issue preclusion.

However, for the reasons discussed herein, the Court also finds that a final judgment in the state court action will result in claim preclusion that bars Ryan's separate litigation of his § 1983 claim. Ryan's state court action and federal court action seek redress for alleged retaliation by Harbor-UCLA, through its employees including defendants, for Ryan's protected disclosures to local, state, and federal authorities. Given

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
| Title | Timothy Ryan v. Brant Putnam et al | | |

that this action may be precluded by a final judgment in the state court action, the Court exercises its discretion to stay the case pending resolution of the state court action.

### A.    Issue Preclusion

#### 1.    Parties' Arguments

Defendants argue that the central issue in this § 1983 federal action is Ryan's allegation that he was subjected to a peer-review process in retaliation for protected disclosures of allegedly illegal conduct to the NIH and the DA.  Id.  Defendants argue that this identical issue was actually litigated and decided against Ryan in state court on his retaliation claim under California Labor Code § 1102.5.  Id.  Defendants contend that Ryan chose to litigate the entirety of the peer-review process as a single adverse action in the state court proceeding.  Id. at 18.  According to defendants, a state court jury found Ryan's protected disclosures were not a contributing factor to adverse action against him.  Id. at 6.  Ryan did not appeal the jury's verdict on this issue, and the judgment was affirmed by the Court of Appeal.  Id.

Defendants argue that the state court determination the peer-review process was not undertaken in retaliation for protected disclosures to the NIH or the DA negates this Court's bases for earlier denial of summary judgment.  Id. at 19.  Defendants argue that even if the Court determines that only the initiation of the peer-review process, and not subsequent stages of that process, was actually litigated and decided in state court as not retaliatory, the Court can nonetheless grant summary judgment to de Virgilio because his only alleged adverse action against Ryan in the federal case is his involvement in the initiation of the peer review process.  Id. at 19.  Furthermore, Defendants argue that the Court did not consider qualified immunity on the basis of whether reasonable Medical Executive Committee (MEC) members, such as Putnam, Vinch, and Lewis, would have known that only their post-FPPE votes violated Ryan's First Amendment Rights, as the peer review itself was not retaliatory.  Id. at 20.  According to defendants, Putnam, Vinch, and Lewis are entitled to qualified immunity because the simple act of casting votes which were not outcome-determinative cannot constitute unlawful retaliation in violation of the First Amendment, or at least the law is not clearly established on this point.  Id. at 21.

Defendants also argue that all issues regarding Ryan's termination and economic damages were actually litigated and finally decided in the state court action such that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           **'O'**

| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Timothy Ryan v. Brant Putnam et al | | |

issue preclusion bars Ryan from relitigating issues relating to his termination in this § 1983 action. Id. at 21-22. Defendants argue that even though the Court of Appeal reversed the jury's verdict and entered judgment for the County on Ryan's CFCA claim because public entities cannot be liable for retaliation under the CFCA, the determination after a full trial that Ryan was not entitled to economic damages for adverse action was not disturbed and remains "sufficiently firm to be accorded conclusive effect." Id. (quoting Meridian Fin. Servs., Inc. v. Phan, 67 Cal. App. 5th 657, 688 (2021)). Defendants argue that because the adverse action Ryan alleged in state court included the same peer-review process on which he bases his § 1983 claims, there is no reason to relitigate the issue of economic damages. Id.

In opposition, Ryan argues that issue preclusion does not bar this § 1983 action against defendants because the same issues were not actually litigated and not necessarily decided in the state case. Opp. at 9. Ryan argues that this § 1983 action involves the distinct issue of the *conduct* of the peer review process against him, whereas the state action concerned the events up to the *initiation* of the peer-review process. Id. at 9-10. Ryan contends that the state trial court excluded references to the peer-review process and specifically instructed the jury that the peer review process and how it led to Ryan's termination was "totally separate and apart from the retaliation we're talking about now." Id. at 10 (citing Opp. SSUF ¶¶ 37-41; Ryan Decl. ¶ 4.). Ryan contends that the parties and the state trial court affirmed that the peer review process was outside of the scope of the state case. Id. (citing Opp. SSUF ¶¶ 37-41; Ryan Decl. ¶¶ 3-6). Ryan argues that if the state trial had been about the conduct of the peer review, defendants would be able to present evidence that the peer-review process was discussed at trial. Id. Ryan argues that defendants cannot produce any evidence beyond a few short excerpts of Ryan's testimony and his attorney's closing argument because Ryan did not, in fact, present a case to the jury that the conduct of the peer-review process was retaliatory. Id. Ryan argues that a jury in the federal action could yet find that the peer review was conducted in a retaliatory way whether or not it was initiated out of retaliation. Id.

Ryan also argues that defendants' theory of issue preclusion ignores the jury's verdict in favor of Ryan on his CFCA claim. Id. at 11. For that claim, Ryan argues that the jury found that the County retaliated against Ryan for his whistleblowing. Id. Ryan argues that there is no way to know why the jury concluded that the County did retaliate against Ryan for whistleblowing for purposes of the CFCA claim but not for the Labor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              **'O'**

| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
|----------|------------------------|------|-------------------|
| Title | Timothy Ryan v. Brant Putnam et al | | |

Code § 1102.5 claim. Id. Ryan argues that inconsistent verdicts are poorly suited to issue preclusion analysis. Id.

Ryan also argues that the jury did not actually and necessarily make any decisions as to economic harm for the conduct of the peer review. Id. at 12. Ryan contends that the jury's decision as to economic decisions relates only to the initiation of the peer review and not to defendants' conduct during the peer-review process. Id.

In reply, defendants argue that Ryan improperly seeks to split the peer-review issue by arguing that he only litigated the initiation of the peer-review process in state court while deferring litigation of peer-review "conduct" to this federal action. Reply at 6. Defendants contend that Ryan's argument lacks merit, that the entire peer-review process was actually litigated in state court, and that even if Ryan's argument was taken at face value, it would confirm that issue preclusion should at least apply to the issue of retaliatory initiation of the peer-review process. Id. Defendants argue that Ryan's strategic decision as to how much evidence of the peer-review conduct to offer at trial does not support the conclusion that the issue was never litigated. Id. at 8. Defendants argue that Ryan undisputedly litigated and asked the jury to consider the initiation, conclusion, and end result of the peer-review process in state court. Id. at 9. Defendants argue that Ryan's declaration, which defendants object to as inadmissible hearsay and argument, does not show that the conduct of the peer review was excluded from the trial, but rather it shows that the issue of Ryan's termination was properly excluded from the trial because it had been adjudicated before the trial. Id. Defendants argue that the jury's verdict in Ryan's favor does not change the analysis for issue preclusion as to retaliation against Ryan for his protected disclosures to the NIH and a Deputy District Attorney because the CFCA verdict is a nullity after the Court of Appeal granted the County judgment notwithstanding the verdict and because the CFCA claim presented the issue of retaliation for Ryan's acts to prevent a false claim whereas his § 1983 claim presents the issue of whether Ryan was subjected to adverse action in retaliation for his protected disclosures to the NIH and a Deputy District Attorney. Id. at 10. Thus, defendants argue that even if an identical finding to the voided CFCA verdict could later support Ryan's Health and Safety Code § 1278.5 claim, it could not support his § 1983 claim. Id. at 11. Defendants also argue that Ryan's opposition ignores defendants' showing that his termination is irrelevant to this § 1983 action after the state court's summary adjudication. Id. at 15. Defendants also argue that Ryan offers no reason as to why Ryan's alleged economic harm should be relitigated. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
| Title | Timothy Ryan v. Brant Putnam et al | | |

2.    <u>Legal Standard</u>

"Federal courts are required to give full faith and credit to state court judgments under 28 U.S.C. § 1738." <u>Manufactured Home Communities Inc. v. City of San Jose</u>, 420 F.3d 1022, 1031 (9th Cir. 2005) (citing <u>San Remo Hotel, L.P. v. City & County of San Francisco</u>, 545 U.S. 323 (2005)). "To determine the preclusive effect of a state court judgment federal courts look to state law." <u>Id.</u> (citing <u>Palomar Mobilehome Park Ass'n v. City of San Marcos</u>, 989 F.2d 362, 364 (9th Cir.1993)).

The doctrine of issue preclusion, or collateral estoppel, "precludes relitigation of issues argued and decided in prior proceedings." <u>Lucido v. Superior Ct.</u>, 51 Cal. 3d 335, 341 (1990). In California, "issue preclusion applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." <u>DKN Holdings LLC v. Faerber</u>, 61 Cal. 4th 813, 825 (2015). "The party asserting collateral estoppel bears the burden of establishing these requirements." <u>Lucido</u>, 51 Cal. 3d at 341.

"[E]ven where the technical requirements are all met, the doctrine is to be applied 'only where such application comports with fairness and sound public policy.'" <u>Smith v. ExxonMobil Oil Corp.</u>, 153 Cal. App. 4th 1407, 1414 (2007) (quoting <u>Vandenberg v. Superior Court</u>, 21 Cal.4th 815, 835 (1999)). "Thus, a court must consider whether application of the issue preclusion doctrine would comport with the doctrine's core policies, namely the preservation of the integrity of the judicial system, the promotion of judicial economy, and the protection of litigants from harassment by vexatious litigation." <u>Contreras-Velazquez v. Fam. Health Centers of San Diego, Inc.</u>, 62 Cal. App. 5th 88, 100 (2021), <u>as modified on denial of reh'g</u> (Apr. 7, 2021)

3.    <u>Analysis</u>

Defendants argue that the following determinations in the state court action are precluded from being relitigated in this § 1983 action: (1) that the peer-review process against Ryan was not undertaken in retaliation for his disclosures to the NIH and the DA, Mot. at 16; (2) that the initiation of the peer-review process against Ryan was not in retaliation for his disclosures to the NIH and the DA, Mot. at 19; (3) that Ryan's termination was not in retaliation for his disclosures to local, state, and federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Timothy Ryan v. Brant Putnam et al | | |

authorities, Mot. at 21-22; and (4) that Ryan suffered no economic damages as a result of the County's adverse action against Ryan, Mot. at 22.

The Court need not decide whether the issue of defendants' specific conduct during the peer-review process was actually litigated in the state court action because the Court finds that there is no definitive factual finding from the jury's verdict that can give rise to issue preclusion.  While the jury found, with respect to the Labor Code claim, that Ryan's disclosures of what he believed to be illegal conduct was not a contributing factor to the County's adverse action against Ryan, the jury also found, with respect to the CFCA claim, that Ryan's reports of what he believed to be false claims were a substantial motivating reason for the County's decision to take adverse action against Ryan.  Court of Appeal Decision at 16.  Ryan's Labor Code claim and CFCA claim were premised on the same disclosures and same subsequent adverse actions by the County.  Id. at 5-12. The California Court of Appeal considered the jury's split verdicts in its decision to return Ryan's Health and Safety Code § 1278.5 claim to the trial court despite the jury's rejection of Ryan's Labor Code § 1102.5 claim.  See Court of Appeal Decision at 66-67 ("Here, as we have noted, the jury returned a split verdict. . . . [T]he County has not persuasively demonstrated to this court why a jury could not return a verdict for Ryan on the Health and Safety Code section 1278.5 claim for the same reason it returned a verdict for him on the CFCA claim.").  Given the jury's lack of a definitive finding as to whether the adverse actions against Ryan were in retaliation for his disclosures, the Court concludes that the jury's verdict as to the Labor Code claim cannot be given issue-preclusive effect.

Next, the Court finds that issue preclusion does not bar Ryan from relitigating economic damages in this § 1983 action.  The jury's award of zero damages for past and future lost earnings to Ryan for his CFCA claim, as well as the jury's award of $2.1 million dollars in noneconomic damages for the same claim, was nullified by the Court of Appeal's judgment notwithstanding the verdict.  Court of Appeal Decision at 21.  As defendants point out, for the purpose of issue preclusion under California law, " 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect."  Meridian Fin. Servs., Inc. v. Phan, 67 Cal. App. 5th 657, 688 (2021) (quoting Rest. 2d Judgments (1982) § 13; citing Sandoval v. Superior Ct., 140 Cal. App. 3d 932, 936 (1983)).  However, Meridian, Sandoval, and the cases cited in those decisions involve judgments either pending appeal or affirmed as final that were later vacated as a condition of settlement.  See Meridian, 67

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
| Title | Timothy Ryan v. Brant Putnam et al | | |

Cal. App. 5th at 690. In those cases, the judgments, albeit vacated, were sufficiently firm to be accorded preclusive effect. But here, "there was no final judgment; it was vacated by operation of law." Newstart Real Est. Inv. LLC v. Huang, 37 Cal. App. 5th 159, 164 (2019). Accordingly, the damages award by the jury on Ryan's CFCA claim is not a final adjudication for the purpose of issue preclusion

However, the Court finds that issue preclusion applies to the issue of whether Ryan's termination was retaliatory. Ryan does not present any response to defendants' contention that all issues regarding Ryan's termination were actually litigated, necessarily decided, and finally adjudicated in the state court action. The non-retaliatory reason for Ryan's termination was determined in the state trial court's summary adjudication, and it was affirmed by the Court of Appeal. See Court of Appeal Decision at 50-61 (holding that the County "satisfied its burden to make a showing by clear and convincing evidence that Ryan would have been terminated even if he had not engaged in protected activities" and rejecting Ryan's arguments regarding the alleged illegality of the releases). Accordingly, Ryan is precluded from relitigating whether his termination was an adverse action by defendants in retaliation for his protected speech.

### 4.      Summary Judgment

There have been no material changes in fact or law since the Court last denied defendants' motions for summary judgment in this § 1983 action on January 10, 2022, dkt. 70, and March 21, 2022, dkt. 83. On June 6, 2023, the Ninth Circuit affirmed the Court's denial of summary judgment as to defendants. Dkt. 92. While defendants have established that issue preclusion applies to the determination that Ryan's termination was not in retaliation for his protected activity, that determination alone does not alter the Court's previous conclusions as to any of defendants. Accordingly, the Court **DENIES** defendants' present motion for summary judgment.

### B.      Claim Preclusion

### 1.      Parties' Arguments

Defendants argue that claim preclusion will bar Ryan's § 1983 action when there is a final judgment in the state court action. Mot. at 22. Defendants argue that both actions involve the same primary right, which defendants define as "Ryan's right to a career as a vascular surgeon.". Id. at 22-25. Defendants contend both lawsuits allege the same peer-review process was initiated and maintained through Ryan's termination in retaliation for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
|----------|------------------------|------|-------------------|
| Title | Timothy Ryan v. Brant Putnam et al | | |

the same protected speech. Id. at 26. Defendants contend that Ryan's § 1983 action, at most, only focuses on the same peer-review process from a slightly different angle and through different legal theories than his state action, but both plainly involve the same primary right. Id. at 27. Thus, defendants argue that Ryan "is not entitled to a second bite at the apple." Id. (quoting Acuna v. Regents of Univ. of California, 56 Cal. App. 4th 639, 649 (1997)). Defendants argue that they are entitled to assert nonmutual claim preclusion against Ryan because under California law, the defendants are in privity with the County since defendants' § 1983 liability requires their actions to be in their capacity as employees of the County and the County's liability for retaliation under § 1102.5 is derived from the alleged actions of its employees acting in the scope of their employment. Id. at 27-28. Defendants conclude that claim preclusion may be asserted against Ryan as soon as there is a final judgment in the state action, and the Court should exercise its inherent authority to stay the § 1983 action pending such final judgment in state court. Id. at 29.

In opposition, Ryan argues that defendants implicitly concede that claim preclusion does not apply at this time because there is no final judgment. Opp. at 14. Ryan also argues that defendants will never be entitled to claim preclusion because the cases do not involve the same primary right. Id. Ryan argues that the state and federal action involve distinct rights based on distinct statutes. Id. at 15. Ryan argues that the federal action is premised on Ryan's First Amendment right to be free from official retaliation based on his reports to government agencies as protected by 28 U.S.C. § 1983. Id. Ryan argues that the state court action, by contrast, is premised on his California statutory right to be free from retaliation for internal whistleblowing within the hospital. Id. Ryan argues that the defendants and their duties in the two actions are distinct. Id. The federal action involves a duty for state actors to refrain from retaliating against any constitutionally protected speech, whereas the state court action involves a duty for any employer or health care entity to refrain from retaliating against internal whistleblowing. Id. Ryan also contends that the wrongs in the two actions are distinct. Id. at 16. Ryan contends that the state court action is premised on failure to protect Ryan from Dr. White's retaliatory actions within Harbor-UCLA and Ryan's eventual termination, whereas the federal court action is premised on defendants' adverse employment actions against Ryan, including "directing the FPPE, voting to propose a Behavioral Agreement, and voting to revoke Ryan's clinical privileges if he refused the Behavioral Agreement." Id. (quoting dkt. 70 at 25). Ryan argues that defendants definition of the primary right at issue as Ryan's "right to a career as a vascular surgeon," is vague and overly broad. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Timothy Ryan v. Brant Putnam et al | | |

Ryan argues that it is irrelevant that his state and federal claims all arose from his work at Harbor-UCLA. Id. at 17. Finally, Ryan argues that the Court should not exercise its discretion to stay the federal case because defendants' requested stay would result in an unfair delay that is prejudicial to Ryan's right to pursue justice in this case. Id. at 19-20. Ryan argues that further trial court proceedings could take years to be finally resolved after appeals and that in the interim, witnesses' memories will fade, or witnesses may die. Id.

In reply, defendants argue that by Ryan's own definition of the primary right in his § 1983 action as "the right to be free from official retaliation based on his reports to government agencies," the state court action involves an identical primary right. Reply at 15, 16 (quoting Opp. at 15). Defendants argue that state court judgments based on distinct statutes or common law may still have preclusive effect in § 1983 actions and vice versa. Id. at 17 (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 85 (1984)). Defendants argue that Ryan's primary right in his § 1983 action, as he defined it, was litigated in the state court action because the Labor Code § 1102.5 claim was based not only on internal reports within Harbor-UCLA, but also on his reports to the "District Attorney's Office" and to "the NIH." Id. (quoting Court of Appeal Decision at 5). Defendants dispute Ryan's suggestion that § 1102.5 only prohibits retaliation for internal whistleblowing within the hospital. Id. Defendants contend that the statute protects whistleblowing to any internal or external "government or law enforcement agency." Id. (citing Cal. Lab. Code § 1102.5(b)). Defendants contend that the statute has always been construed to protect external reports to public agencies, pointing to a 2003 amendment that codified a California appellate court holding that the statute also covers a public agency employee's internal report to their employer. Id. (citing Cal. Lab. Code § 1102.5(e); Gardenhire v. Housing Auth., 85 Cal. App. 4th 236, 241-43 (2000)). Defendants also contest Ryan's depiction of distinct duties as improperly focusing on all duties imposed by the federal and state statutes rather than the specific and identical duties Ryan claimed were breached. Id. at 18. Defendants contend that Ryan's assertion of distinct actors is legally meaningless because defendants are entitled to assert "nonmutual claim preclusion" as parties in privity for the purpose of claim preclusion. Id. Defendants argue that Ryan's attempt to identify the initiation of the peer-review process and the conduct of that process as distinct wrongs flouts the principle that claim preclusion bars "claims that were, or should have been, advanced in a previous suit involving the same parties." Id. at 19 (quoting DKN Holdings LLC v. Faerber, 61 Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
| Title | Timothy Ryan v. Brant Putnam et al | | |

4th 813, 824 (2015)). Defendants contend that Ryan might allege that his primary right was breached in multiple ways, but it nevertheless remains a single right. Id.

Finally, defendants argue that Ryan's arguments against the Court exercising its discretion to stay the case pending resolution of the state court action lack merit. Id. at 21. Defendants argue that if the application of claim preclusion is inevitable, the possibility of witnesses being unavailable at a later date would not be prejudicial. Id. Defendants also contend that Ryan disregards his own strategic decision to bring separate state and federal court lawsuits rather than joining his related claims. Id. Defendants contend that Ryan would have been prohibited from bringing his claims in separate lawsuits in the same court system and was only able to split his claims between state and federal court. Id. at 22. But, according to defendants, the same principles of federalism that permitted Ryan to split his claims between state and federal court require this Court to apply claim preclusion and issue preclusion to the state court judgment in the same manner as the state court would apply those principles. Id. Accordingly, defendants ask the Court, in the alternative to summary judgment, to stay the action pending resolution of Ryan's state court action, upon which he cannot obtain further relief in this Court due to claim preclusion. Id. at 23.

2.      Legal Standard

"Federal courts are required to give full faith and credit to state court judgments under 28 U.S.C. § 1738." Manufactured Home Communities Inc. v. City of San Jose, 420 F.3d 1022, 1031 (9th Cir. 2005) (citing San Remo Hotel, L.P. v. City & County of San Francisco, 545 U.S. 323 (2005)). "To determine the preclusive effect of a state court judgment federal courts look to state law." Id. (citing Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir.1993)).

"Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896 (2002). In California, "[c]laim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 824 (2015) (citations omitted). Under California law, "a 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." Mycogen, 28 Cal. 4th at 904. Courts approach the question of whether the same "cause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
| Title | Timothy Ryan v. Brant Putnam et al | | |

of action" is involved in both suits "by focusing on the 'primary right' at stake: if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983) (citations omitted). "If the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters which could have been raised." Id. at 1175 (citing Sutphin v. Speik, 15 Cal. 2d 195, 202-203 (1940)).

    3.    <u>Analysis</u>

The Court finds that defendants may be able to invoke a final judgment on the merits in Ryan's state court action as a bar to further litigation of Ryan's § 1983 claim in this federal action under the principles of claim preclusion.

First, the Court finds that the "cause of action" in both actions is the same, despite the different statutory claims for relief by which Ryan seeks to vindicate that right. See Slater v. Blackwood, 15 Cal. 3d 791, 795 (1975) ("Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one [cause of action]."); see also Castro v. Higaki, 31 Cal. App. 4th 350, 357 (1994) ("The primary right is determined by the harm suffered, regardless of the number of legal theories asserted."). Here, Ryan's alleged injury in his § 1983 action are "adverse employment actions against him" by defendants in retaliation for his whistleblowing reports of "Dr. White's and other physicians' fraudulent and unlawful conduct to NIH, the Los Angeles County District Attorney's Office and the California Attorney General's Office." FAC ¶ 41. Thus, Ryan's primary right at stake in his § 1983 action is to be free from retaliation by Harbor-UCLA, through the actions of its employees in their official capacities, for those protected disclosures. See Fed'n of Hillside & Canyon Assns. v. City of Los Angeles, 126 Cal. App. 4th 1180, 1202 (2004) ("The plaintiff's primary right is the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based.") (citing Mycogen, 28 Cal. 4th at 904). The corresponding primary duty of Harbor-UCLA, and its employees in their official capacities, is to not retaliate against Ryan for those protected disclosures to NIH, the Los Angeles County's District Attorney's Office, and the California Attorney General's Office. According to Ryan's complaint in the federal action, defendants violated this duty by taking adverse employment actions against him, including "initiat[ing] a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Timothy Ryan v. Brant Putnam et al | | |

pretextual and retaliatory disciplinary proceeding intended and designed to punish and to silence him for blowing the whistle and reporting these criminal and fraudulent activities," and "voting to revoke Plaintiff's Professional Staff membership and privileges at Harbor-UCLA." FAC ¶¶ 2, 43.

Ryan's attempts to distinguish the primary right, corresponding duty, and wrong at stake in his state court action are not persuasive. Ryan's contention that the state court action is distinctly limited to his narrow right to be free from retaliation for "*internal whistleblowing within the hospital*," Opp. at 15, is contradicted by his pleadings and the statutes that form the bases of his claims in the state court action. Ryan expressly pled that he reported his concerns regarding the conduct of Dr. White and others at Harbor-UCLA to "the Los Angeles County District Attorney's Office," and "an NIH compliance officer." State FAC ¶¶ 9, 10. And Ryan alleged that "Dr. White, in conjunction with others, then took actions to punish and marginalize" Ryan in retaliation "for his reporting of, and refusal to engage in, illegal and unethical activity as described [in the facts of the complaint]." Id. ¶¶ 11, 12. Furthermore, the statutes under which Ryan seeks relief in his state court action for the alleged retaliation against him do not limit his claims to retaliation only for internal whistleblowing. See Cal. Lab. Code § 1102.5(b) (prohibiting employer retaliation against an employee for disclosing information to a government or law enforcement agency); Cal. Health & Safety Code § 1278.5(b)(1)(A) (prohibiting a health facility from discriminating against an employee for presenting a grievance, complaint, or report to any governmental entity). Thus, Ryan's claims in his state and federal actions are the same cause of action because they involve the same disclosures at issue and the same alleged injury of adverse employment actions by defendants in their official capacities. See Bahra v. Cnty. of San Bernardino, 945 F.3d 1231, 1236 (9th Cir. 2019) (affirming district court giving claim-preclusive effect to a state administrative ruling that upheld a termination as not retaliatory in a later § 1983 First Amendment retaliation claim).

Similarly, the Court is not persuaded by Ryan's contention that the alleged wrongs in his federal action are distinct from the wrongs in the state court action. Opp. at 16. Ryan argues that the state court action is premised on Dr. White's retaliatory actions and Ryan's eventual termination while the federal action is distinctly premised on defendants' directing of the peer review, voting to propose a Behavioral Agreement, and voting to revoke Ryan's clinical privileges if he refused the Behavioral Agreement. Id. Once again, Ryan's pleadings contradict his contention that the state court action is narrowly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Timothy Ryan v. Brant Putnam et al | | |

limited to Dr. White's retaliatory actions and excludes defendants' allegedly retaliatory conduct during the peer-review process. Ryan specifically alleges that the alleged retaliation in his state court action includes "[c]ausing Dr. Ryan's clinical privileges to be revoked," which was the result of the peer-review process. State FAC ¶ 19 (within Labor Code § 1102.5 claim). Moreover, even if Ryan had pled separate occurrences of retaliatory conduct for the same protected disclosures across the state and federal actions, they would still form one cause of action under California law because the various alleged retaliatory actions would each involve the same primary right of Ryan: to be free from retaliation by Harbor-UCLA for Ryan's specific protected disclosures. See Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co., 5 Cal. 4th 854, 860 (1993) (plaintiff's right to be free of negligence by its attorney in connection with a particular debt collection for which the attorney was retained was allegedly breached in two ways but nevertheless remained a single right).

Having found that the primary right at stake is identical in both actions, and therefore, the state and federal actions involve the same cause of action, the Court next considers whether the defendants are in privity for purposes of claim preclusion with the state action defendant, the County. See DKN Holdings, 61 Cal. 4th at 825 ("[C]laim preclusion applies only to the relitigation of the same cause of action between the same parties or those in privity with them."). "The loose term 'privity' refers to some relationship or connection with the party that makes it proper to hold 'privies' bound with the actual parties." 7 Witkin, Cal. Proc., Judgment § 491 (6th ed. 2025). "[T]he privity inquiry focuses on the relationship between supposed privies in the context of the litigation — not a static analysis of the relationship between them." Grande v. Eisenhower Med. Ctr., 13 Cal. 5th 313, 329 (2022). California recognizes nonmutual claim preclusion as a limited exception to the general mutuality requirement for claim preclusion. Id. at 325, 329. "As applied to questions of preclusion, privity requires the sharing of 'an identity or community of interest,' with 'adequate representation' of that interest in the first suit, and circumstances such that the nonparty 'should reasonably have expected to be bound' by the first suit." DKN Holdings, 61 Cal. 4th at 826 (citation omitted). "A nonparty alleged to be in privity must have an interest so similar to the party's interest that the party acted as the nonparty's 'virtual representative' in the first action." Id. (citation omitted).

Here, the Court finds that defendants have established that the County and defendants are in privity with each other in the context of the federal and state court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
|----------|------------------------|------|-------------------|
| Title | Timothy Ryan v. Brant Putnam et al | | |

actions for the purpose of claim preclusion.  The same primary right of Ryan to be free of adverse employment actions by Harbor-UCLA, through its employees' actions in their official capacities, for his protected speech is at stake in both actions.  The County adequately represents defendants' interest in the state court action because the County's interest is to defend the alleged retaliatory actions of all of its employees, including defendants.  The County's liability for Ryan's claims under Labor Code § 1102.5 or Health and Safety Code § 1278.5 is derived from the alleged actions of its employees acting in the scope of their employment, and defendants' liability under § 1983 depends on their actions within the scope of their employment with the County constituting the same alleged breach of a duty not to retaliate against Ryan for his protected whistleblowing reports.  See generally State FAC; FAC.  Finally, defendants, as the nonparty alleged to be in privity, established their expectation of the preclusive effect of the state court proceeding as early as in their answer to Ryan's FAC, filed on April 17, 2020.  See dkt. 36 at ¶ 56 (pleading affirmative defense that res judicata bars Ryan's recovery).

Lastly, the Court considers whether there has been a final judgment on the merits in the state court action.  Defendants concede that "the appellate remand for further proceedings on Ryan's § 1278.5 claim means there is not yet a final judgment."  DSUF at 31.  The Court agrees.  The Court notes, however, that regardless of the eventual disposition of Ryan's remaining claim and any potential added claims if Ryan is granted leave to amend in the state court action, a final judgment in the state court action will necessarily be on the merits of at least Ryan's Labor Code § 1102.5 claim, which alone would bar Ryan's federal § 1983 action under the principles of claim preclusion as discussed above.  However, the final decision on that claim does not presently bar Ryan's § 1983 action because Ryan's unresolved state court claims are within the same first suit on the single "cause of action."  Claim preclusion operates to bar a "second suit . . . after a final judgment on the merits in the first suit," not to bar multiple claims for relief within a single suit.  DKN Holdings, 61 Cal. 4th at 824 (citing Mycogen, 28 Cal. 4th at 896).

### 4.     Merits of a Stay

A district court is vested with the discretion to stay an action based on its inherent authority to control its own docket.  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  "[C]onsiderations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," may counsel federal courts to stay or remand proceedings concerning the same matter as a pendent state court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-05752-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Timothy Ryan v. Brant Putnam et al | | |

action.  Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (alteration in original) (internal quotation marks omitted).  In determining whether to stay an action under the Colorado River doctrine, courts consider eight factors: "(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." R.R. St. & Co. v. Transp. Ins. Co., 656 F.3d 966, 978-79 (9th Cir. 2011).  "Ultimately, the decision whether to dismiss a federal action because of parallel state-court litigation hinges on a careful balancing of the [relevant] factors ...." Id. at 983 (internal quotation marks omitted).

Here, the Court finds that the applicable Colorado River factors weigh in favor of a stay pending resolution of Ryan's state court action.  Given the Court's finding that Ryan's § 1983 action would be barred by an anticipated final judgment on the merits of his state court action, the state court proceedings will necessarily resolve all issues before the federal court.  And Ryan's right to be free of retaliation for his protected disclosures is adequately protected by the state court proceedings.  Finally, Ryan initiated his state court action on January 8, 2016, more than a year and a half prior to initiating this federal action.  Accordingly, the Court concludes that a stay is appropriate.

**V.    CONCLUSION**

In accordance with the foregoing, the Court **DENIES** defendants' motion for summary judgment based on issue preclusion.  The Court **STAYS** this case pending resolution of Ryan's related state court proceeding.  Counsel shall file a joint report detailing the status of the state court proceeding within two weeks of the Superior Court's ruling on Ryan's motion for leave to amend.

IT IS SO ORDERED.

|  | 00 | : | 19 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |